JOHN F. DOGGETT *et al.*, Plaintiffs in Error, *v.* HIRAM NORTON *et al.*, Defendants in Error.

### ERROR TO WILL.

Where, in an action of covenant upon a lease, the parties lessors being some of them *femmes covert*, the lease is set out in *hæc verba*, the peculiar interest of the *femmes covert* is exhibited by the lease, without any special averment; and the lessees having admitted a special interest in these parties by taking the lease, are estopped from denying it.

THIS was an action of covenant on a lease. The declaration contains but one count, and is as follows in substance: It first avers the identity of the plaintiffs with the parties who executed the lease, some of whom signed by their initials, and one of whom afterwards intermarried with Rollin G. Parks, who is made a party to the suit. It then sets forth the lease *in hæc verba*, with the usual profert. The demised premises was a certain flouring mill in the village of Lockport, Will county. Term, for one year, ending 1st August, 1853. Rent, $900, payable quarterly. The lease contains the usual covenants as to surrendering up the demised premises in good condition on the expiration of the term. It also contains an agreement on the part of lessors to make certain repairs and improvements, as soon as it can be done conveniently. All other ordinary repairs to be done by lessees. The declaration then sets forth the legal effect of said lease, and avers generally the performance by lessors of all covenants by them to be performed; and alleges non-payment of rent; and that lessees removed portions of the fixtures, and left demised premises in bad condition. Damages laid at $1,000.

To this declaration there was a general demurrer, which was sustained. The plaintiffs stood by their declaration, and there was judgment for defendants.

S. W. RANDALL, and PARKS & ELWOOD, for Plaintiffs in Error.

U. OSGOOD, for Defendants in error.

CATON, C. J. This was an action of covenant upon a lease. Among the lessors are several *femmes covert*, who are parties to the lease and plaintiffs in the action with their husbands and the other lessors. The lease contains a covenant on the part of the lessors, to make certain specified repairs upon the premises. The declaration sets out the lease *in hæc verba*, and assigns for breaches the non-payment of the rent, and also refusal to deliver up the premises in good order at the expiration of the time. A demurrer was sustained to this declaration, which decision is now assigned for error. The objection taken to the declaration is, that the *femmes covert* are joined as plaintiffs, while the declaration contains no statement showing that they had any peculiar interest in the premises demised, or that in them was the meritorious cause of action. The objection to the declaration is not well taken. The lease is set out in the declaration, and shows upon its face the peculiar interest which the *femmes covert* have in the cause of action. The covenants, for breaches of which the action is brought, are to them, with their husbands and others, and that of itself shows a special interest in them, to justify their joining in the action ; and the lessees, by taking a lease from them and others, admitted that they had a special interest in the property, and are now estopped to deny that fact. It is unnecessary to inquire whether the husband alone can demise the wife's separate estate, or whether a lease executed by the wife alone would be void ; the law is too well settled to admit of controversy, that a lease made by husband and wife is good. In Chitty's Pleadings, 11th American from the 6th London edition, 30, it is said, "In the case of a bond or note payable to her, or her husband and herself, it would sufficiently appear from the instrument itself, as set out in the declaration, without further averment, that she had a peculiar interest, justifying the use of her name as plaintiff." It is insisted, in the argument for the defendants in error, that this statement is not sustained by the authorities. It is sustained by sound reason and good sense, and comports with the philosophy of legal pleading, and we have been referred to no case holding a contrary doctrine. The declaration shows on its face that the lessees admitted, by taking a lease of them, that the *femmes covert* had a special

interest in the demised premises ; and that being thus shown, no other averment of it was necessary. They covenanted to pay the money to them, and thereby admitted that they had a peculiar interest in the cause of action. It is unnecessary now to inquire whether they could be sued with their husbands for a breach of the covenants to repair, contained in this lease. Certain it is, that the lessees may recoup, in this action, any damages which they have sustained, for the breach of the covenants to repair, the same as if the *femmes covert* had not joined in the lease and were not parties to the action. We think the demurrer should have been overruled. The judgment is reversed and the cause remanded.

*Judgment reversed.*